```
 1  Stephen P. Swinton (Bar No. 106398)
    LATHAM & WATKINS LLP
 2  12636 High Bluff Drive, Suite 400
    San Diego, CA 92130
 3  Telephone: 858.523.5400
    Facsimile:  858.523.5450
 4
    Jeffrey W. Guise (Bar No. 164203)
 5  WILSON SONSINI GOODRICH & ROSATI
    12235 El Camino Real, Suite 200
 6  San Diego, CA 92130
    Telephone: 858.350.2300
 7  Facsimile:  858.350.2399

 8  Attorneys for Plaintiff and Counterdefendant
    SKINMEDICA, INC.
 9
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| SKINMEDICA, INC., | CASE NO. CV 09-0122 W NLS |
|---|---|
| Plaintiff, | **PLAINTIFF SKINMEDICA, INC.'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (UNOPPOSED)** |
| vs. | |
| HISTOGEN INC., a Delaware Corporation; HISTOGEN AESTHETICS LLC, a California Limited Liability Company; GAIL K. NAUGHTON, an individual, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff SkinMedica, Inc. ("SkinMedica") hereby moves the Court for leave to file a First Amended Complaint, a copy of which is attached hereto. The First Amended Complaint maintains the allegations and claims for relief made in the original complaint, and also alleges two new claims for relief: one for breach of contract against Defendant Gail K. Naughton individually, and one for imposition of a constructive trust against all Defendants. The First Amended Complaint alleges that Defendants

1  claim title to various patent applications and/or issued patents that improperly disclose or purport
2  to cover subject matters derived from, based on, on embodying SkinMedica's proprietary, trade
3  secret information.  Accordingly, the First Amended Complaint expressly requests a declaration
4  that Defendants hold those patent applications and/or issued patents in involuntary trust for
5  Plaintiff's benefit, and further, seeks an order that those patent applications and/or issued patents
6  be assigned to SkinMedica.

7        Granting SkinMedica leave to amend the complaint would be in the furtherance of
8  justice, consistent with the policy of the federal courts to liberally permit amendment of
9  pleadings at any stage of the proceeding, and in interests of judicial efficiency favoring
10 resolution of all disputed matters between the parties in the same lawsuit.  At the time this action
11 was originally filed, SkinMedica was unaware of some of the facts supporting its newly added
12 claims.  This case is still in its early stages, and the Court has established through its March 23,
13 2009 Case Management Conference Order that amendment may be sought before May 15, 2009.

14       Counsel for Plaintiff has conferred with counsel for the Defendants and has confirmed
15 that Defendants do <u>not</u> oppose this motion and agree to allow the filing of the First Amended
16 Complaint as the operative complaint in this action.

17
18  Dated: May 6, 2009

        LATHAM & WATKINS LLP
        Stephen P. Swinton
        Alexander E. Long
        Adam A. Welland

        WILSON SONSINI GOODRICH & ROSATI
        Jeffrey W. Guise
        Peter R. Munson
        Lorelei P. Westin

        By:  s/Alexander E. Long
             alexander.long@lw.com

        Attorneys for Plaintiff and Counterdefendant
        SKINMEDICA, INC.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

CASE NO. CV 09-0122 W NLS

2

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2009, I served the attached Motion For Leave To File Amended Complaint (Unopposed) electronically by E-filing, in accordance with the rules governing electronic filing of documents in the United States District Court for the Southern District of California, on each party to this action through their counsel of record.

 s/ Alexander E. Long

NSD\114289.1

1  Stephen P. Swinton (SBN 106398)
   LATHAM & WATKINS LLP
2  12636 High Bluff Drive, Suite 400
   San Diego, CA 92130
3  Telephone: 858.523.5400
   Facsimile:  858.523.5450
4
   Jeffrey W. Guise (SBN 164,203)
5  WILSON SONSINI GOODRICH & ROSATI
   12235 El Camino Real, Ste. 200
6  San Diego, California 92130
   Telephone: 858.350.2300
7  Facsimile:   858.350.2399

8  Attorneys for Plaintiff and Counterdefendant
   SKINMEDICA, INC.
9

10                     UNITED STATES DISTRICT COURT
11                    SOUTHERN DISTRICT OF CALIFORNIA
12

13 | SKINMEDICA, INC.,                              | CASE NO. CV 09-0122 W (NLS)
14 |             Plaintiff,                         | **SKINMEDICA, INC.'S FIRST AMENDED COMPLAINT**
15 | vs.                                            |
16 | HISTOGEN INC., a Delaware Corporation;         |
17 | HISTOGEN AESTHETICS LLC, a                     |
   | California Limited Liability Company;          |
   | GAIL K. NAUGHTON, an individual,               |
18 |                                                |
19 |             Defendants.                        |

20  AND RELATED COUNTERCLAIMS

21
22
23
24
25
26
27
28

Plaintiff SKINMEDICA, INC. ("SkinMedica") for its First Amended Complaint against Defendants Histogen, Inc., Histogen Aesthetics LLC and Gail K. Naughton (collectively "Defendants") alleges as follows:

## THE PARTIES

1. Plaintiff SkinMedica is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 5909 Sea Lion Place, Carlsbad, California.

2. On information and belief, Defendant Histogen, Inc. ("Histogen") is a corporation organized and existing under the laws of the Delaware and doing business within this judicial district. On information and belief, Histogen maintains a principal office at 9855 Towne Centre Drive, San Diego, California.

3. On information and belief, Defendant Histogen Aesthetics LLC ("Histogen Aesthetics") is a limited liability company organized and existing under the laws of California and doing business within this judicial district. On information and belief, Histogen Aesthetics maintains a principal office at 9855 Towne Centre Drive, San Diego, California.

4. On information and belief, Defendant Gail K. Naughton ("Naughton") is the Chief Executive Officer and Chairman of the Board for Histogen and Histogen Aesthetics. On information and belief, Naughton is an individual who may be located for service of process at her place of business.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's claims arising under state law because these claims are so related to Plaintiff's claim under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7. This Court has personal jurisdiction over each of the Defendants by virtue of, on information and belief, each of the Defendants transacting and doing business in the forum and/or committing acts of patent infringement in the forum. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b) because, on information and belief, each of the Defendants reside in this judicial district and/or patent infringement occurred in this judicial district.

## COMMON ALLEGATIONS

8. SkinMedica acquired its proprietary and patented nutrient technology, NouriCel®, and associated intellectual property through an Asset Purchase Agreement ("APA"), dated January 6, 2003, with Advanced Tissue Sciences ("ATS").

9. On information and belief, the APA conveyed the Purchased Assets of the agreement to SkinMedica, including the trade secrets and know-how associated with the acquired method patent (the '494 Patent) and its related patent progeny.

10. On information and belief, Defendant Naughton was the co-founder of ATS, and held various positions at ATS, including President, Chief Operating Officer, Chief Scientific Officer, Director and Principal Scientist.

11. On information and belief, Defendant Histogen, Inc. was founded and organized by Defendant Naughton, and launched around or about early 2007. On information and belief, Histogen's technology involves the culturing of newborn fibroblasts in bioreactors, with the secretion of growth factors and antioxidants into the culture medium. On information and belief, Histogen harvests the cell culture medium to manufacture its cosmetic and/or aesthetic product lines, including: ReGenica™, a liquid formula containing growth factors and antioxidant proteins; and ExCeltrix™, its human extracellular matrix product.

12. On information and belief, Histogen Aesthetics, LLC is a subsidiary of Histogen, Inc., and was founded and organized by Defendant Naughton and Dr. Lawrence A. Rheins. On information and belief, Histogen Aesthetics was formed for the purpose of marketing and retailing cosmeticeutical products utilizing Histogen's ReGenica™ product line, including hair, skin and nail care products. On information and belief, Histogen Aesthetic's product line

1  includes the "ReGenica™ Rejuvenation System", products used in anti-aging and post-
2  procedure, including post-laser, treatment applications.

### FIRST CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. PATENTS NO. 6,372,494 AND 7,118,746

13. SkinMedica incorporates by reference its allegations in paragraphs 1 through 12 above.

14. On April 16, 2002, United States Patent No. 6,372,494 ("the '494 Patent"), entitled "Methods of Making Conditioned Cell Culture Medium Compositions," was duly and legally issued to Advanced Tissue Sciences, Inc. ("ATS"), as Assignee.  The '494 Patent was subsequently assigned to SkinMedica.  A true and correct copy of the '494 Patent is attached hereto as Exhibit A.

15. SkinMedica is the owner of all right, title and interest in and to the '494 Patent.

16. On October 10, 2006, United States Patent No. 7,118,746 ("the '746 Patent"), entitled "Conditioned Cell Culture Medium Compositions and Methods of Use," was duly and legally issued to SkinMedica, as Assignee.  A true and correct copy of the '746 Patent is attached hereto as Exhibit B.

17. SkinMedica is the owner of all right, title and interest in and to the '746 Patent.

18. On information and belief, each of the Defendants, jointly and/or individually, have infringed and continue to infringe at least one claim of the '494 Patent and/or the '746 Patent either directly or indirectly, literally and/or under the doctrine of equivalents.  Each of the Defendants' infringing activity includes, at least, the manufacture and use of the infringing products, the use of infringing methods, and/or inducing and/or contributing to the infringement of the '494 Patent and/or the '746 Patent.

19. On information and belief, each of the Defendants have infringed and continue to infringe one or more claims of the '494 Patent and/or the '746 Patent in violation of 35 U.S.C. § 271(a) by directly practicing the claimed methods and/or by directly manufacturing and/or using the claimed pharmaceutical compositions.

1    20.    On information and belief, Histogen and Histogen Aesthetic's Regenica product(s) will be launched in early 2009, and will be available for sale through dermatologist, plastic surgeon and skin specialist offices.

21.    Each of the Defendants' infringement of the '494 Patent and/or '746 Patent has caused and continues to cause damage to SkinMedica in an amount to be determined at trial.

22.    Each of the Defendants' infringement, as alleged herein, will continue to cause immediate and irreparable harm to SkinMedica for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

23.    On information and belief, each of the Defendants' infringement of the '494 Patent and/or '746 Patent is willful and deliberate, entitling SkinMedica to enhanced damages pursuant to 35 U.S.C. § 284 and to an award of attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF

## MISAPPROPRIATION OF TRADE SECRETS UNDER THE CALIFORNIA UNIFORM TRADE SECRETS ACT

24.    SkinMedica incorporates by reference its allegations in paragraphs 1 through 23 above.

25.    SkinMedica develops, manufactures and markets a range of innovative pharmaceutical and cosmeceutical products for the prevention and treatment of skin disorders, including a full-range of anti-aging products incorporating its proprietary and patented nutrient technology, NouriCel®.  NouriCel® is incorporated into its Tissue Nutrient System® (TNS®) line of anti-aging products, including TNS Essential Serum™, TNS Recovery Complex®, TNS Line Refine™ and TNS Regeneration System™.  SkinMedica has expended significant resources in acquiring, developing and manufacturing its TNS® line of products, as well as building brand awareness.

26.    On information and belief, after the filing of the applications for each of the '494 and '746 patents, there was continued development of NouriCel® technology, including additional research used in producing SkinMedica's TNS® products, such as the selection,

growth and maintenance of cell lines, and other processes used in the development and manufacturing of Nouricel® technology. On information and belief, this confidential research information was not publicly available, but only existed within the company available through the knowledge and know-how of the employees at ATS that worked on this project. On information and belief, Defendant Naughton as President, Chief Operating Officer, Chief Scientific Officer, Director and Principal Scientist of ATS had ready access to this confidential information. On information and belief, Defendant Naughton recruited and hired employees to Histogen and Histogen Aesthetics that possessed this trade secret knowledge.

27. SkinMedica possesses trade secrets and confidential information as defined by California's version of the Uniform Trade Secrets Act, Civil Code §§ 3426-3426.11. At a high level, these trade secrets and confidential information fall within categories of information relating to the growth and maintenance of cell lines, and the manufacturing of therapeutic compositions.

28. SkinMedica's trade secrets and confidential information derive independent economic value by virtue of not being generally known to third parties, and would be of great value to market competitors such as each of the Defendants.

29. On information and belief, reasonable measures have been taken to maintain the secrecy of these trade secrets and confidential information.

30. On information and belief, SkinMedica's trade secrets were disclosed to defendant Naughton in her capacity as President and Chief Executive Officer of ATS. On information and belief, Defendant Naughton understood such technical details of the trade secrets, and appreciated the importance of the trade secrets in the development of a competing commercial product. On information and belief, Defendant Naughton knew or should have known that she was not authorized to use the trade secret information owned by SkinMedica, and subsequently misappropriated SkinMedica's trade secrets and confidential information for use in Dr. Naughton's companies, Histogen and Histogen Aesthetics, both direct competitors of SkinMedica.

31. Defendants Histogen, Histogen Aesthetics and Naughton's use of SkinMedica's proprietary and confidential information is a misappropriation or threatened misappropriation of SkinMedica's trade secrets and confidential information. As a result of Defendants' misappropriation, SkinMedica has been or will be damaged, and defendants Histogen, Histogen Aesthetics and Naughton have been unjustly enriched in an amount to be proved at trial. Additionally, SkinMedica has suffered or will suffer irreparable harm that can only be remedied through equitable relief.

32. Because Defendants Histogen, Histogen Aesthetics and Naughton acted with fraud and/or malice and in conscious disregard of SkinMedica's rights, SkinMedica is entitled to exemplary damages.

## THIRD CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*

33. SkinMedica incorporates by reference its allegations in paragraphs 1 through 32 above.

34. By the acts described above and on information and belief, Defendants have engaged in unlawful and unfair business practices and have performed unfair, deceptive and misleading acts. Defendants' misappropriation of SkinMedica's valuable trade secrets to further develop a competitive commercial product is unlawful and unfair, and have irreparably injured, and threaten to continue to injure, SkinMedica in its business and property.

35. Defendants' misappropriation of SkinMedica's valuable trade secrets constitute unfair and unlawful business practices under California Business and Professions Code § 17200 et seq.

36. As a direct and proximate consequence of Defendants' unlawful and unfair business practices, SkinMedica has suffered and will suffer lost sales, profits and goodwill as a result of Defendants' development and subsequent sales of its commercial products. SkinMedica has been and will be injured in its efforts to develop future products. SkinMedica has sustained and will sustain damages, the nature and extent of which cannot presently be determined.

37. As a consequence, SkinMedica is entitled, under Calif. Bus. & Prof. Code §§ 17200 and 17203, to an injunction and restitution as set forth below.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

38. SkinMedica incorporates by reference its allegations in paragraphs 1 through 37 above.

39. By the acts described above and on information and belief, Defendants have engaged in unfair competition in violation of the common law of the State of California. Defendants' misappropriation of SkinMedica's valuable trade secrets is unfair and unlawful, and constitutes unfair competition in violation of California common law.

40. Defendants' actions are willful, wanton, malicious and in reckless disregard of the rights of SkinMedica.

41. As a direct and proximate consequence of Defendants' unfair and unlawful actions, SkinMedica has suffered and will continue to suffer damages, the nature and extent of which cannot presently be determined.

42. Defendants' acts as described above have greatly and irreparably damaged SkinMedica and is likely to continue to so damage SkinMedica unless enjoined by the Court. SkinMedica is without an adequate remedy at law and is entitled to injunctive relief in addition to damages, in an amount to be proved at trial.

43. Because Defendants Histogen, Histogen Aesthetics and Naughton acted with fraud and/or malice and in conscious disregard of SkinMedica's rights, SkinMedica is entitled to exemplary damages.

//
//
//
//
//

-7- CASE NO. CV 09-0122 W (NLS)

**FIFTH CLAIM FOR RELIEF**

**BREACH OF CONTRACT**

**(Against Defendant Gail Naughton)**

44. SkinMedica incorporates by reference its allegations in paragraphs 1 through 43 above.

45. As part of its terms of employment, ATS required its employees to execute both a Proprietary Information And Inventions Agreement and Corporate Policy Guidelines booklet that obligated the executing employee, among other things, to keep in confidence and trust, and not to use or disclose, any of ATS' proprietary information, including but not limited to trade secrets, inventions, and confidential business information, both during the term of that employment and after its termination.

46. On information and belief, Defendant Naughton likewise executed one or more written agreements with ATS that obligated her, among other things, to keep in confidence and trust, and not to use or disclose, any of ATS' proprietary information, including but not limited to trade secrets, inventions, and confidential business information, both during the term of her employment and after its termination.

47. Pursuant to SkinMedica's acquisition of NouriCel®-related assets from ATS as part of the APA, SkinMedica became the beneficiary of the agreements between ATS and Naughton concerning her obligation to maintain in confidence and trust all proprietary information relating to NouriCel®.

48. The aforementioned agreements between ATS and Naughton, subsequently for the benefit of SkinMedica as a successor to ATS with respect to NouriCel®-related assets, were and are binding and enforceable contracts that were voluntarily entered into by Naughton.

49. Naughton breached, and continues to breach, the aforementioned agreements respecting ATS', now SkinMedica's, proprietary information by making or participating in the unauthorized disclosure of that information for purposes of the design, manufacture and sale of competing products by the Histogen and Histogen Aesthetics.

50. These breaches have proximately caused harm to SkinMedica. SkinMedica seeks damages for the harm it has suffered and will continue to suffer as a result in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF
### IMPOSITION OF CONSTRUCTIVE TRUST

51. SkinMedica incorporates by reference its allegations in paragraphs 1 through 50 above.

52. On or about August 30, 2005, Defendant Naughton filed U.S. Patent Application No. 11/216,580 (the "'580 application"). Naughton allowed the '580 application to be published on or about June 1, 2006 as US 2006/0115460 by the U.S. Patent & Trademark Office ("PTO").

53. On or about August 30, 2005, Defendant Naughton filed U.S. Patent Application No. 11/217,121 (the "'121 application"). Naughton allowed the '121 application to be published on or about June 26, 2006 as US 2006/0134074 by the PTO.

54. On or about November 6, 2006, Defendant Naughton filed U.S. Patent Application No. 11/556,995 (the "'995 application"). The '995 application is a continuation of the '121 application. Naughton allowed the '995 application to be published on or about October 11, 2007 as US 2007/0237750 by the PTO.

55. On information and belief, all right, title and interest in and to the '580, '121 and '995 applications is held by Naughton, and/or one or the other of the Histogen Defendants, through assignment from Naughton.

56. The '580, '121 and '995 applications disclose proprietary, trade secret information belonging to SkinMedica.

57. On information and belief, through other related domestic and foreign patent applications, Defendants have sought and are seeking to obtain patent claims covering subject matters derived from, based on, or embodying SkinMedica's proprietary, trade secret information.

1  58. Defendants' disclosure and use of SkinMedica's proprietary, trade secret information in an effort to obtain patent rights relating to the same was and is wrongful, and constitutes a breach of confidence and trust.

59. As a result of such wrongful disclosure and use, and breach of confidence and trust, Defendants are an involuntary trustee of any and all such domestic and foreign patent applications, including any and all domestic or foreign patents issuing therefrom, that disclose or purport to cover subject matters derived from, based on, or embodying SkinMedica's proprietary, trade secret information, for the benefit of SkinMedica.

### PRAYER FOR RELIEF

WHEREFORE, SKINMEDICA prays that this Court will:

(a) Enter judgment that Defendants Histogen, Histogen Aesthetics and Naughton has jointly and individually infringed at least one claim of the '494 Patent and/or the '746 Patent;

(b) Enter judgment that infringement of the '494 Patent and/or the '746 Patent by Defendants Histogen, Histogen Aesthetics and Naughton constitutes willful and deliberate infringement thereof;

(c) Temporarily, preliminarily and permanently enjoin Defendants Histogen, Histogen Aesthetics and Naughton, and its officers, agents, servants, employees subsidiaries, and those persons acting in active concert or participation with Defendants Histogen, Histogen Aesthetics and Naughton, including related individuals and entities, customers, representatives, manufacturers, dealers, and distributors from infringing the '494 Patent and/or the '746 Patent;

(d) Award SkinMedica damages adequate to compensate it for Defendants Histogen, Histogen Aesthetics and Naughton's infringement of the '494 Patent and/or the '746 Patent, trebled pursuant to 35 U.S.C. § 284, together with interest;

(e) Temporarily, preliminarily and permanently enjoin Defendants Histogen, Histogen Aesthetics and Naughton, and its officers, agents, servants, employees subsidiaries, and those persons acting in active concert or participation with Defendants Histogen, Histogen Aesthetics and Naughton, including related individuals and entities, customers, representatives,

1  manufacturers, dealers, and distributors from misusing SkinMedica's trade secrets or proprietary

2  information, or from developing or offering products incorporating intellectual property that

3  belongs to SkinMedica;

4      (f)    Award SkinMedica amounts by which Defendants were unjustly enriched;

5      (g)    Issue an order declaring Defendants an involuntary trustee of any and all domestic

6  or foreign patent applications, including any and all domestic or foreign patents issuing therefrom,

7  that disclose or purport to cover subject matters derived from, based on, or embodying

8  SkinMedica's proprietary, trade secret information, for the benefit of SkinMedica;

9      (h)    Issue an order compelling Defendants to assign to SkinMedica joint or exclusive

10 title to any and all such domestic or foreign patent applications, including any and all domestic or

11 foreign patents issuing therefrom, held by Defendants as an involuntary trustee;

12     (i)    Declare that this is an exceptional case pursuant to 35 U.S.C. § 285 or as otherwise

13 provided by law, and award SkinMedica its attorneys' fees, costs and expense in this action;

14     (j)    Award punitive and exemplary damages to SkinMedica;

15     (k)    Grant such other and further relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to the Federal Rules of Civil Procedure, SkinMedica respectfully demands a trial by jury on all issues so triable.

Dated: May __, 2009                LATHAM & WATKINS LLP

                                          WILSON SONSINI GOODRICH & ROSATI

By:_____
    alexander.long@lw.com

    Attorneys for Plaintiff and Counterdefendant
    SKINMEDICA, INC.