# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKINMEDICA, INC., <br><br> Plaintiff, <br> vs. <br><br> HISTOGEN INC.; HISTOGEN AESTHETICS LLC; GAIL K. NAUGHTON, <br><br> Defendants. <br>_____ <br> AND RELATED COUNTERCLAIMS | CASE NO. 09-CV-122 JLS (NLS) <br><br> **ORDER: OVERRULING DEFENDANTS' OBJECTIONS TO EXTRINSIC EVIDENCE CITED BY SKINMEDICA IN SUPPORT OF ITS OPENING CLAIM CONSTRUCTION BRIEF** <br><br> (Doc. No. 48-3) |

    Presently before the Court are Defendant–Counter-claimants' (Defendants) objections to extrinsic evidence cited by Plaintiff–Counter-defendant (Plaintiff) in support of its opening claim construction brief. (Doc. No. 48-3 (Objections).) Also before the Court is Plaintiff's response to Defendants' objections. (Doc. No. 139 (Resp.).) Having reviewed the parties' arguments and the law, the Court **OVERRULES** Defendants' objections.

    Defendants object to evidence Plaintiff cites in support of its claim construction positions, including: (1) paragraphs 16 through 27 of Dr. Daniel R. Salomon's declaration (*see* Doc. No. 44-1 (Salomon Decl. ISO Pl.'s Cl. Constr. Br.) ¶¶ 16–27); (2) exhibits 9 through 22 to Alexander E. Long's declaration (*see* Doc. Nos. 44-2 to -4 (Long Decl. ISO Pl.'s Cl. Constr. Br.) Exs. 9–22); (3) any additional extrinsic evidence Plaintiff filed with its responsive claim construction brief (Objections

1); and (4) proposed testimony at the claim construction hearing regarding claim meaning (Status Hr'g Tr. 12, Sept. 9, 2010). Citing *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1585 (Fed. Cir. 1996), Defendants contend that consideration of extrinsic evidence would be improper here because the intrinsic evidence of claim meaning is "clear and unambiguous." (Objections 1).

"Extrinsic evidence is to be used for the court's understanding of the patent, not for the purpose of varying or contradicting the terms of the claims." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 981 (Fed. Cir. 1995). In *Vitronics*, the Federal Circuit held that "[i]n most situations, an analysis of the intrinsic evidence alone will resolve any ambiguity in a disputed claim term. In such circumstances, it is improper to rely on extrinsic evidence." 90 F.3d at 1583. *But see Key Pharm. v. Hercon Labs. Corp.*, 161 F.3d 709, 716 (Fed. Cir. 1998) ("[A] trial court is quite correct in hearing and relying on expert testimony on an ultimate claim construction question in cases in which the intrinsic evidence . . . does not answer the question."). Thus, expert testimony on the proper construction of disputed claim terms "may only be *relied upon* if the patent documents, taken as a whole, are insufficient to enable the court to construe disputed claim terms." *Vitronics*, 90 F.3d at 1585 (emphasis added).

However, the Federal Circuit has explained that *Vitronics* does not state a rule of admissibility, nor does it "prohibit courts from examining extrinsic evidence, even where the patent document is itself clear." *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1308 (Fed. Cir. 1999). As the Federal Circuit made clear in *Phillips v. AWH Corp.*, 415 F.3d 1303, 1319:

> [B]ecause extrinsic evidence can help educate the court regarding the field of the invention and can help the court determine what a person of ordinary skill in the art would understand claim terms to mean, it is permissible for the district court in its sound discretion to admit and use such evidence.

The court is not "barred from considering any particular sources or required to analyze sources in any specific sequence, *as long as those sources are not used to contradict claim meaning* that is unambiguous in light of the intrinsic evidence." *Id.* at 1324 (emphasis added); *see also Biagro Western Sales, Inc. v. Grow More, Inc.*, 423 F.3d 1296, 1302 (Fed. Cir. 2005) ("Extrinsic evidence, such as expert testimony, may be useful in claim construction, but it should be considered in the context of the intrinsic evidence.").

Defendants' objections put the cart before the horse. The Court has yet to determine for itself

that intrinsic evidence is sufficient to construe the claims in this case.[1] In the unlikely event that the Court determines that the intrinsic evidence is not so sufficient, the Court would be left with the Hobson's choice of inviting the parties back for another claim construction hearing or construing the claims by guesswork. Even if the Court determines that intrinsic evidence is sufficient to construe the claims, the Court may nonetheless "consult trustworthy extrinsic evidence to ensure that the claim construction it is ending to from the patent file is not inconsistent with the clearly expressed, plainly apposite, and widely held understandings in the pertinent technical field." *Pitney Bowes*, 182 F.3d at 1309. Thus, the Court sees no harm in receiving and considering extrinsic evidence. *See Surety Techs., Inc. v. Entrust Techs., Inc.*, 74 F. Supp. 2d 632, 635 (E.D. Va. 1999) ("[I]t is perhaps a pointless exercise, *but not error*, to consult extrinsic evidence in cases where the intrinsic evidence both adequately illuminates the technology and solves the claim construction puzzle." (emphasis added)). Rather, harm will inure only if the Court relies on extrinsic evidence "to contradict claim meaning that is unambiguous in light of the intrinsic evidence." *Phillips*, 415 F.3d at 1324. The Court is fully aware of the principles guiding its claim construction inquiry and capable of disregarding contradictory extrinsic evidence.

For the reasons stated, Defendants' objections are **OVERRULED**.

DATED: November 23, 2010

Honorable Janis L. Sammartino
United States District Judge

---

[1] Defendants point out that Dr. Salomon testified that the intrinsic evidence of the subject '494 and '746 patents is sufficient to construe the disputed claims. (Objections 2 (citing Doc. No. 48-1 to 48-2 (Haile Decl. ISO Defs.' Responsive Cl. Constr. Br.) Ex. R, at 81).) Even assuming, *arguendo*, that Dr. Salomon is correct, his conclusion does not warrant exclusion of extrinsic evidence. *See Pitney Bowes*, 182 F.3d at 1309.